THE CITY OF CHICAGO, Plaintiff in Error, *v.* ROSENFELD and ROSENBERG, Defendants in Error.

THE SAME, Plaintiff in Error, *v.* L. D. HURD, Defendant in Error.

### ERROR TO THE SUPERIOR COURT OF CHICAGO.

The intention of the legislature, in the forty-third section of the amended charter of the city of Chicago, was to allow all persons, whose interests would be affected by a sale of the property, for the assessment, to appear and contest it, whether they be the legal or equitable owners, or mere incumbrancers.

The cases of *City of Chicago* v. *Adams, ante,* 492, and *Pease* v. *City of Chicago,* 21 Ill. R. 500, approved.

THIS was a proceeding on the part of the City of Chicago to collect a special assessment, which was resisted before the Superior Court by the defendants in error, who were mortgagees of the property affected. It was insisted, that as mortgagees they had no right to contest the collection, but the court below permitted them to do so, and rendered judgment in their favor.

The case is now brought to this court to reverse that decision.

E. ANTHONY, for Plaintiff in Error.

W. B. SCATES, for Defendants in Error.

CATON, C. J. We only propose to consider in these cases the question, whether a mortgagee may appear and contest the validity of an assessment, for if he has such right, he could not be prejudiced by the stipulation of the mortgagor. The forty-third section of the amended charter provides that, " It shall be the duty of the court, upon calling the docket of said term, if any defense be offered by any of the owners of said property, or any person having a claim or interest therein, to hear and determine the same in a summary way, without pleadings." This statute authorizes any person having a claim or interest in the property assessed, to appear and make objections to the assessment. These terms are of themselves very broad and comprehensive, and the reason of the law and the policy which dictated these terms, require that they should receive a liberal and comprehensive construction. It was certainly the design of the legislature to allow others than those owning the fee of the land, or even those presently entitled to the fee, to appear and contest the assessment, so that it is a matter of no moment to inquire whether the fee of the land is in the mortgagor or mortgagee. The right to contest the assessment is not confined to any one

party, but different parties holding different and even conflicting interests in the same property, may appear and contest the assessment, each independent of the other. We think it was the intention of the legislature to allow all persons whose interests would be affected by a sale of the property for the assessment, to appear and contest it, whether they be the legal or equitable owners of the property, or mere incumbrancers.

The other question as to the setting aside of the default, is disposed of in the case of *City of Chicago* v. *Adams, ante,* 492.

That the objections to the assessment were well taken, is settled in the case of *Pease* v. *City of Chicago*, 21 Ill. R. 500.

The judgment must be affirmed.

*Judgment affirmed.*